# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2023

Lyle W. Cayce
Clerk

No. 22-20374
Summary Calendar
_____

Eynel Aroldo Guzman,

*Petitioner—Appellant*,

*versus*

U.S. Immigration Department,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2305

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Enyel Aroldo Guzman, a native and citizen of El Salvador, and proceeding *pro se*, as he did in district court, appeals the dismissal of his action for lack of jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Almost seven years after the Board of Immigration Appeals (BIA) affirmed the Immigration Judge's (IJ) denial of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his application for relief, Guzman filed in district court an "Application for Asylum under Article III of the Convention Against Torture". The court treated the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Guzman on appeal: raises new due-process challenges that were not presented in district court; and reasserts he will be harmed if removed to El Salvador because he renounced his membership in a criminal gang there. He fails to challenge the court's conclusion that it lacked jurisdiction to consider Guzman's action because "[t]he 2005 REAL ID Act removed federal district courts' jurisdiction over removal orders and designated appellate courts as the appropriate forums instead". Likewise, he does not challenge the court's conclusion that his assertions were unexhausted before the BIA and IJ.

"Although we liberally construe the briefs of pro se appellants, we also require that arguments be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (citation omitted). Because Guzman fails to challenge the court's reasons for dismissing his complaint, including that the court lacked jurisdiction, he abandoned those issues on appeal. *E.g.*, *id*. at 224–25; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Along that line, and regarding the assertions Guzman raises for the first time on appeal, he does not maintain extraordinary circumstances exist in his case such that this court should consider them. Our court has refused to find extraordinary circumstances where a party's briefing "is devoid of any argument that a miscarriage of justice would result from our failure to consider" an issue raised for the first time on appeal. *AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 700 (5th Cir. 2009). Because the burden is on Guzman to establish such circumstances, and he fails to even brief this standard, we decline to consider his new assertions that, in his immigration proceedings: he misunderstood the questions posed to him during his removal hearing due

No. 22-20374

to his limited English proficiency; and proceeding without an attorney prevented his establishing his eligibility for immigration relief.

AFFIRMED.